UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHANNON HART, | * | Case No. 1:18-CV-829 |
| Plaintiff, | * | |
| v. | * | Judge Matthew W. McFarland |
| JEFF WYLER COLERAIN, INC., ET AL. | * | |
| Defendants. | * | |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure* and S.D. Ohio Civ. R. 5.2.1, it is stipulated and ordered as follows:

1. All documents or information produced by either party marked and/or designated "CONFIDENTIAL" are considered "CONFIDENTIAL" and shall be subject to this Agreed Protective Order. Within 30 days of a party's receipt of a document marked "CONFIDENTIAL," the receiving party will have the right to challenge the confidentiality designation. Any disputes regarding the confidentiality of documents will be resolved first by the Parties through informal discussions, then, if that is not successful, by the Court.

2. Any and all documents or information produced pursuant to this Agreed Protective Order shall be treated as strictly confidential material and shall not be used for any purpose other than preparation and presentation of each party's case, under the terms and conditions set forth in this Agreed Protective Order, and shall not be used in any lawsuit, claim, or cause of action other than the above-captioned case.

3. Confidential Information shall not be used or disclosed directly or indirectly by the person receiving such Confidential Information to persons other than:

    a.    The Court or persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action;

    b.    Counsel for any party to this action and regular employees of such counsel to the extent necessary to assist counsel in the preparation of this litigation;

    c.    Experts and witnesses consulted by such counsel in connection with this proceeding to the extent necessary to assist counsel in the preparation of this litigation;

    d.    Any mediator designated in this action;

    e.    Any interpreter, or

    f.    Any witness or party.

4.    Individuals set forth in paragraph 3(c) - (e) to whom such confidential documents or information are shown, furnished, or otherwise disclosed shall be first made aware of this Agreed Protective Order and shall be subject to its terms.

5.    All confidential documents or information received by either party's counsel of record, shall not be delivered or disclosed, specifically or in substance, to anyone other than the individuals set forth in paragraph 3 of this Order.

6.    All confidential documents produced pursuant to this Agreed Protective Order shall be stamped as "CONFIDENTIAL."

7.    Nothing in this Stipulation shall be construed as a restriction on the use or disclosure of its own information by the party producing or supplying the information.

8.    Nothing herein shall constitute a waiver of any claim of privilege, including HIPAA, or other protection from discovery.

9. The inadvertent production of any document or other information during discovery in this action and any appellate proceedings in this action shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product, or that such document is irrelevant to any claims raised in this action or is otherwise not subject to production. Such inadvertent disclosure of a privileged document shall not be deemed a waiver of any privilege with respect to that document or information or other documents or information involving similar subject matter. Further, the parties covenant and agree not to allege or argue that any waiver of any privilege occurred on the basis of the inadvertent production of any such document or information contained therein.

10. Within twenty-one (21) days of the settlement, final adjudication or other final resolution of the above-captioned case, whichever occurs later, any and all confidential documents, and any copies or reproductions thereof, that may be produced by either party and then in the possession of individuals other than the Court shall be returned to the party who produced such documents or destroyed with written confirmation of the destruction.

11. If documents or information designated as Confidential is sought to be filed with the Court, or otherwise used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Confidential materials shall so advise the Court and request that the Court take such steps as it deems appropriate to protect the confidentiality of the documents or information.

12. Pursuant to the requirements of Fed. R. Civ. P. 26(c), as explained by the Sixth Circuit in *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without the Court's prior permission as to each such document, upon motion and for good cause shown, including the legal basis for filing under seal.

The parties understand and agree that the Court's discretion to issue protective orders is limited by Rule 26(c) and by a "'long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co.*, 78 F.3d at 227. The party seeking to file any document under seal must "articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements.'" *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). The Court will review any motion to file any documents under seal and determine specific findings of harm, balance the public's interest in disclosure against the parties' interests, and tailor any order allowing for the sealing of any of the record narrowly. This Agreed Protective Order does not authorize filing under seal.

13. If any confidential documents or information subject to this Agreed Protective Order are used in any Court or Arbitration proceeding herein, such documents or information shall not lose its confidential or proprietary status through such use. The parties shall take all steps reasonably required to protect the confidentiality of such documents or information during such use, including, but not limited to, advising the Court and requesting that the Court take such steps as it deems appropriate to protect the confidentiality of the documents or information.

14. Nothing in this Agreed Protective Order shall be deemed to limit in any way the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, file any pleading, respond to any pleading, reply to any pleading, oppose the production or admissibility of any information or documents by means of objection, claim of privilege or otherwise. Each Defendant agrees to waive every objection to the timeliness of any Plaintiff's activities in this litigation to the extent necessary for such Plaintiff to endeavor to comply with this agreement without suffering prejudice of any type or degree.

15. The terms of this Agreed Protective Order shall continue unless and until modified and/or terminated by further order of this Court or written agreement of the parties.

16. Violation by any person of any provision of this Agreed Protective Order shall be punishable as contempt of court. Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Agreed Protective Order.

IT IS SO ORDERED.

*Karen L. Litkovitz*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF OHIO

5

Proposed agreed order respectfully submitted by:

/s/*Alexander J. Durst*, per email authorization 3/10/20
Alexander J. Durst (Ohio Bar No. 0089819)
The Durst Law Firm
810 Sycamore St., 2nd Floor
Cincinnati, OH 45202
Telephone: (513) 621-4999
Fax: (513) 621-0200
alex@durstlawfirm.com

*Counsel for Plaintiff*
*Shannon Hart*

/s/ *Scott A. Carroll*
Scott A. Carroll (Ohio Bar No. 0062115)
Matthew R. Byrne (Ohio Bar No. 0082228)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
scott.carroll@jacksonlewis.com
matthew.byrne@jacksonlewis.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2020, a copy of the foregoing Proposed Agreed Protective Order Regarding Confidentiality of Documents was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Alexander J. Durst (Ohio Bar No. 0089819)
The Durst Law Firm
810 Sycamore St., 2nd Floor
Cincinnati, OH 45202
Telephone: (513) 621-4999
Fax: (513) 621-0200
alex@durstlawfirm.com

*Attorney for Plaintiff*

/s/ *Scott A. Carroll*
Scott A. Carroll

4849-4469-3686, v. 1